**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4684

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO NICHOLAS HILL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry F. Floyd, District Judge. (8:05-cr-01276-HFF)

Submitted: May 16, 2007                    Decided:   July 9, 2007

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.   Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Nicholas Hill was convicted by a jury of one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(2000). He was sentenced to 240 months' imprisonment. Hill's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal but questioning whether the district court erred in denying Hill's motion to suppress evidence seized pursuant to a search warrant. Hill has filed a pro se supplemental brief alleging there was insufficient evidence to support his conviction and the Government's 21 U.S.C. § 851 (2000) notice was inadequate because it did not identify his prior conviction. Finding no reversible error, we affirm.

I.  **Motion to Suppress**

Counsel contends the district court erred in denying Hill's motion to suppress drug evidence because the search warrant was not supported by probable cause. This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Probable cause is judged by an analysis of the totality of the circumstances, weighed "not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Illinois v. Gates, 462 U.S. 213, 230, 232 (1983). Probable cause means that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). Appellate courts pay great deference to the district court's findings of probable cause in relation to warrants. Gates, 462 U.S. at 236.

While executing an arrest warrant on March 16, 2005, arising from a prior drug buy from Hill's residence, Sheriff's officers saw Hill look out the front window of his mobile home and quickly move back into the mobile home. As the officers knocked on Hill's front door and announced themselves several times, the officers heard footsteps moving quickly through the mobile home and a toilet flushing. Because Hill did not come to the door and based on the narcotics officers' experience with drugs being disposed of through toilets, the officers entered the mobile home, detained Hill on the ground, and conducted a protective sweep to secure the remainder of the mobile home. No other individuals were located during the sweep, but the officers saw in plain view that the

toilet tank lid in the bathroom was ajar, there was water on the bathroom floor, and there was a set of digital scales in the kitchen.

An application for a search warrant was prepared with that information, including a recitation of Hill's prior drug related offenses and convictions. A search warrant issued and was executed that day. During the search, the officers seized two Crown Royal bags in the toilet tank containing fourteen plastic bags of cocaine base, the digital scales from the kitchen counter, sandwich bags consistent with those in which the cocaine was packaged, and approximately $500 cash. We find there was a substantial basis to conclude that there was probable cause to issue the search warrant for Hill's mobile home on March 16, 2005.

## II. Adequacy of § 851 Notice

Hill argues in his pro se supplemental brief that the Government's 21 U.S.C. § 851 (2000) notice was inadequate because it did not identify any prior convictions. To seek enhanced penalties under 21 U.S.C. § 841(b)(1)(A) (2000), the Government must file an information giving its notice to seek such penalties prior to trial or the entry of a plea. See 21 U.S.C. § 851 (2000). The Government filed an § 851 notice of potential increased penalties listing Hill's prior conviction as: "[o]n July 9, 1998, the defendant pleaded guilty to seven (7) counts of manufacture/distribution of crack cocaine and received a term of

- 4 -

imprisonment of seven (7) years and a fine of $25,000.00." We find the Government gave Hill adequate notice by fully describing his prior 1998 guilty plea conviction.

### III. **Sufficiency of Evidence**

Hill argues in his pro se brief that there was insufficient evidence to sustain his conviction. To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court reviews both direct and circumstantial evidence, and permits the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this court does not weigh evidence or reassess the factfinder's assessment of witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

In order to prove Hill violated 21 U.S.C. § 841(a)(1), the Government must establish that he knowingly possessed a controlled substance with the intent to distribute it. United

States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Intent to distribute may be inferred from quantities too large for personal consumption, Burgos, 94 F.3d at 873, or "from possession of drug-packaging paraphernalia," United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990).

Hill was the only person at the mobile home where the cocaine was found in the commode after officers had heard the commode flush when attempting to execute an arrest warrant on Hill for a previous drug offense. Fourteen plastic sandwich bags of cocaine base were found in the bathroom commode. Plastic sandwich bags of the same type used to package the cocaine were found in the kitchen, along with digital scales. We thus find there was sufficient evidence for a jury to find beyond a reasonable doubt that Hill was guilty of possession with intent to distribute cocaine base.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Hill's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED